IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CAPITOL WATERTOWN, LLC,

                Plaintiff,                              OPINION AND ORDER

    v.                                                 14-cv-884-wmc

RADIOSHACK CORPORATION,

                Defendant.

---

In this civil action, plaintiff Capital Watertown, LLC, alleges that defendant RadioShack Corporation breached the terms of a lease between the parties. (Compl. (dkt. #1-1).) Defendant removed this action pursuant to 28 U.S.C. § 1441, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Not. of Removal (dkt. #1) ¶ 3.) Because the allegations in the complaint and the petition are insufficient, even when considered together, to determine if diversity jurisdiction lies here, defendant will be given an opportunity to file an amended notice of removal containing the necessary factual allegations.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d

1

798, 802 (7th Cir. 2009).   Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present.  *Smart*, 562 F.3d at 802-03.

In its notice, defendant contends that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse.   (Not. of Removal (dkt. #1) ¶ 3.)  For the latter to be true, however, there must be complete diversity, meaning plaintiff cannot be a citizen of the same state as any defendant. *Smart*, 562 F.3d at 803.   Unfortunately, defendant's allegations as to plaintiff Capital Watertown, LLC, prevent this court from determining its citizenship.

"The citizenship of an LLC is the citizenship of each of its members," yet defendant has not alleged the citizenship of plaintiff's members, making it impossible to determine whether complete diversity exists.  *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007).  Instead, defendant alleges that plaintiff is "a domestic corporation with its principal place of business within the State of Wisconsin." (Not. of Removal (dkt. #1) ¶ 4a.)   As the Seventh Circuit has instructed repeatedly, this information is wholly irrelevant in deciding the citizenship of limited liability companies. *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

Before dismissing this action for lack of subject matter jurisdiction, defendant will be given leave to file an amended notice of removal that establishes subject matter jurisdiction by alleging the names and citizenship of each member of the plaintiff LLC.

In alleging the LLC's citizenship, defendant should be aware that if the member or members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then the citizenship of those members and partners must also be alleged as well. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be."). Should defendant fail to plead diversity of citizenship adequately within 14 days, this matter will be remanded to state court.

## ORDER

IT IS ORDERED that:

1) defendant shall have until February 3, 2015, to file and serve an amended notice of removal containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt remand of this matter for lack of subject matter jurisdiction.

Entered this 20th day of January, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge